FLOSSIE G. ASHE v. ACME BUILDERS, INC.

(Filed 25 May, 1966.)

1. **Negligence § 24a—**

In passing upon the sufficiency of the evidence to be submitted to the jury on the issue of negligence, only that evidence supported by allegation need be considered.

2. **Same— Evidence held insufficient for jury on issue of negligence on theory of liability alleged in the complaint.**

Plaintiff alleged that defendant's employees, pursuant to their contract to renovate a room in plaintiff's house, placed sheetrock slabs against the wall at a slight angle, thereby creating a dangerous condition likely to cause injury to plaintiff, failed to warn plaintiff of the danger, and that plaintiff was injured when the slabs fell against her leg in the progress of the work. The evidence tended to show that the slabs were placed in the room where the work was to be done, that the slabs remained in the same condition some three weeks, and that the slabs fell from vibrations caused when the workmen were moving a heavy cast iron sink while plaintiff was removing pots and pans from a cabinet at the request of a workman. *Held:* Any danger from the falling slabs was as apparent to plaintiff as to the workmen and, the evidence being insufficient to permit a legitimate inference of negligence in stacking the slabs against the wall at a slight angle, nonsuit was properly entered.

**3. Negligence § 21—**

   Negligence is not presumed from the mere fact of injury, and plaintiff must show a failure on the part of defendant to exercise care in the performance of some legal duty which defendant owed plaintiff under the circumstances, and that such negligence proximately caused the injury, the sufficiency of the evidence to require its submission of the issue being a question of law.

MOORE, J., not sitting.

APPEAL by plaintiff from *McConnell, J.,* January 3, 1966 Civil Session (High Point Division) GUILFORD Superior Court.

The plaintiff instituted this civil action to recover damages for the personal injury she sustained as a result of the defendant's alleged actionable negligence. The court entered judgment of involuntary nonsuit at the close of all the evidence. The plaintiff excepted to, and appealed from, the judgment.

*Schoch; Schoch & Schoch by Arch K. Schoch, Jr., for plaintiff appellant.*

*Morgan, Byerly, Post & Keziah by W. B. Byerly, Jr., for defendant appellee.*

HIGGINS, J. The plaintiff alleged and offered evidence tending to show that she entered into a contract on September 22, 1961, in which the defendant agreed to furnish material and to remodel her kitchen. The work involved the use of sheetrock for the walls and celotex overhead. The sheetrock was in slabs four feet wide by eight feet long and one-half inch thick. On Monday following the date of the contract, the slabs were carried to, and stored in the room to be remodeled. They were stacked lengthwise on the floor, leaning at a slight angle against the wall under one of the windows. "More than four or five pieces were stacked there."

On October 19, 1961, one of the workmen called the plaintiff into the kitchen and requested that she remove some pots and pans from a cabinet which was in their way. This is the plaintiff's evidence relating to the cause of her injury:

> "When I went to move the pots and pans, I picked them up and came around the end of my table to put them on; and just as I got there the man moved the sink again, because it was a heavy sink, it is cast iron, I guess, very heavy; and he picked it up, you know, and tried to push it, or something; and it joshed the floor again. When he did that, the sheetrock fell over against my refrigerator and pushed it over as far as it would go against the

sink, and just the distance to hit me right on my leg, because that is where I was standing. Two pieces of the sheetrock broke when it hit my leg."

In passing on the motion to nonsuit, we need examine only the plaintiff's allegations of negligence in support of which she offered evidence. *Poultry Co. v. Equipment Co.*, 247 N.C. 570, 101 S.E. 2d 458; *Messick v. Turnage*, 240 N.C. 625, 83 S.E. 2d 654. The evidence offered relates only to the allegation the defendant was negligent in that its agents had placed the slabs at an angle against the wall, thereby creating a dangerous condition which was likely to cause an injury to the plaintiff, failed to warn her of the danger to the end that she might take steps to avoid it; that plaintiff was actually injured by the falling slabs on October 19, 1961. (Citing *Chanosky v. City Building Supply*, 152 Conn. 642, 211 A. 2d 141 (1965).)

For more than three weeks these slabs were undisturbed and remained in the same position until a workman moving a heavy cast iron sink caused the floor or walls to vibrate and the slabs to topple over. The slabs struck the refrigerator and then the plaintiff, injuring her.

The Court is confronted with this question: Is the plaintiff's evidence, viewed in the light most favorable to her, sufficient to permit a legitimate inference that the defendant was negligent in stacking the sheetrock slabs against the wall at a slight angle and should have reasonably foreseen that some injury to the plaintiff would proximately result from that negligence? The proper storage place for the materials would appear to be in the room where they were to be used rather than in some other part of the house occupied and in use by the plaintiff. The slabs, if placed lengthwise on the floor, leaning at an angle against the wall, would appear to be less likely to topple over than if they were placed endwise on the floor. To place these slabs flat on the floor would occupy a space of 12 square feet and would handicap those engaged in remodeling the room. Any danger from the falling slabs would have been as apparent to the plaintiff as to the workmen. For three weeks they had been in the same position.

The correct rule of law by which we are to determine the plaintiff's right to have a jury pass on the issues is stated in *Jackson v. Gin Co.*, 255 N.C. 194, 120 S.E. 2d 540:

"In order to establish actionable negligence, plaintiff must show that there has been a failure to exercise proper care in the performance of some legal duty which the defendant owed to the plaintiff under the circumstances in which they were placed, and that such negligence was the proximate cause of the injury — a

cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such result was probable under all the facts as they existed. . . .

"Negligence is not presumed from the mere fact of injury. The plaintiff is required to offer legal evidence tending to establish beyond a mere speculation or conjecture every essential element of negligence, and upon failure to do so, nonsuit is proper. And in this connection, whether or not there is enough evidence to support a material issue is a question of law."

When measured by the foregoing rule, the plaintiff's evidence in this case is insufficient to survive the motion for nonsuit. The judgment is

Affirmed.

MOORE, J., not sitting.