PEGGY L. REDDING v. F. W. WOOLWORTH COMPANY

No. 7021SC398

(Filed 16 September 1970)

1. **Negligence §§ 5.1, 57— injury to invitee — liability of proprietor — sufficiency of evidence of negligence**

    Plaintiff invitee who was injured in defendant's store when she was forced to jerk her head violently to one side in order to escape an object that flew past her ear, *is held* to have made out a *prima facie* case of defendant's actionable negligence, where plaintiff's evidence was to the effect that (1) she entered the store with her child in order to buy a toy, (2) she was struck on the neck by a wooden object that resembled a part of a planter being assembled nearby by one of the defendant's employees, (3) someone, possibly the employee, retrieved the object and returned it to the place of assembly, and (4) the same or a similar object with an extended screw or nail flew past the plaintiff's ear, causing her to move her head violently.

2. **Negligence §§ 5.1, 53— liability of store proprietor to invitee — standard of care**

    A store proprietor owes to his business invitees the duty to keep in reasonably safe condition the areas of the store where customers are expected to go so as not unnecessarily to expose customers to

danger, and to warn of unsafe conditions of which the proprietor was charged with knowledge.

**3. Negligence § 5.1— duty and standard of care of store proprietor — questions of law**

The duty and standard of care of a store proprietor are matters of law to be explained by the court to the jury; they are not matters which plaintiff is required to prove.

**4. Negligence § 20— negligence as legal result of certain facts**

Negligence is not a fact in itself, but rather it is the legal result of certain facts.

**5. Negligence § 29— proof of negligence**

Negligence is a conclusion of law; plaintiff need not directly prove negligence, but must prove facts from which the jury would be warranted in inferring it.

**6. Negligence § 29— proof of negligence**

Facts which are relied upon to raise an inference of negligence must establish the probability thereof and not a mere conjecture or surmise.

APPEAL by plaintiff from *Exum, J.,* 9 March 1970 Session, FORSYTH Superior Court.

Plaintiff seeks to recover damages for injuries allegedly inflicted by negligence of defendant's employee. Plaintiff's evidence taken in the light most favorable to her tended to show the following: On 4 November 1966, plaintiff entered defendant's store with her small child to buy him a toy. She had placed the child aboard a hobby horse ride at the front of the store and was waiting for him when she was struck on the neck by a wooden object. She stated that it resembled a part of a planter which was being assembled at a nearby checkout counter by defendant's employee, Arnold. A man, possibly Arnold, retrieved the object and returned it to the assembly point; whereupon it or another similar object with a nail or screw extending from it flew past plaintiff's ear, causing her to jerk her head violently to one side.

Plaintiff's evidence further tended to show the following: The violent jerking of her head caused a cervical sprain, aggravating a pre-existing degenerative disc disease and degenerative osteo-arthritis. Since that time she has experienced pain, numbness, headaches, nausea, muscular weakness, and a partial loss in range of motion of her head and neck. She has incurred

considerable medical expenses and has suffered a loss of earning capacity.

At the close of plaintiff's evidence, the trial court granted defendant's motion for a directed verdict. Plaintiff appealed to this Court.

*Wilson, Morrow & Boyles, by John F. Morrow for plaintiff.*

*Deal, Hutchins & Minor by Fred S. Hutchins, Jr., for defendant.*

BROCK, J.

[1] The sole question presented is whether plaintiff's evidence was sufficient to require submission of the case to the jury. Defendant appellee contends that plaintiff failed to make out a *prima facie* case of actionable negligence in that she failed to show (1) any duty or standard of care or any specific acts upon which the jury could predicate a finding of negligence, or plaintiff's status in relation to the store; (2) failed to show that any action of Mr. Arnold was the cause of her injury, and (3) assuming Mr. Arnold's conduct to have caused her injury, failed to show that it was reasonably foreseeable, i.e., that his conduct proximately caused her injuries.

[2, 3] The plaintiff's status in relation to the store was shown. She was a business invitee. The duty owed her by defendant was to keep in reasonably safe condition the areas of the store where customers are expected to go so as not unnecessarily to expose customers to danger, and to warn of unsafe conditions of which the defendant was charged with knowledge. *Gaskill v. A. and P. Tea Co.,* 6 N.C. App. 690, 171 S.E. 2d 95. Duty and standard of care are matters of law to be explained by the Court to the jury; they are not matters which plaintiff is required to prove. Given the relationship between the parties, the duty and the standard of care are implied by law.

[4, 5] Our Supreme Court has said that negligence is not a fact in itself, but rather, is the legal result of certain facts. *Skipper v. Cheatham,* 249 N.C. 706, 107 S.E. 2d 625 (1959). Negligence is a conclusion of law; plaintiff need not directly prove negligence, but must prove facts from which the jury would be warranted in inferring it.

It is neither alleged nor proved that Arnold's actual manner of assembling the planter was negligent. Nor does the evidence

disclose the size of the planter, the complexity of its construction, the tension to which its part were subject during assembly, whether it was customary to assemble merchandise in the public part of the store, or any other circumstances indicating that it was negligent to assemble this particular planter at the particular time and place in question. Thus, the question reduces itself to whether the jury could properly infer negligence from the bare fact that Arnold assembled a planter in an area of the store frequented by customers.

[6] This aspect of the case is within the rule that facts which are relied upon to raise an inference of negligence must establish the probability thereof, and not a mere conjecture or surmise. *Ashe v. Acme Builders, Inc.,* 267 N.C. 384, 148 S.E. 2d 244 (1966). However, the jury would be justified in inferring negligence if it found that Arnold continued to assemble the planter with knowledge that the part had once flown off and struck the plaintiff.

Defendant also contends that the evidence fails to connect the object which struck plaintiff with Mr. Arnold. However, plaintiff testified that the object appeared to be a part of the planter. From this the jury could infer that a part flew loose a second time from the planter which Arnold was assembling, without plaintiff or anyone else having observed its actual flight.

Defendant further contends that the injuries suffered by Mrs. Redding were not foreseeable.

"Foreseeability is an essential element of proximate cause. This does not mean that the defendant must have foreseen the injury in the exact form in which it occurred, but that, in the exercise of reasonable care, the defendant might have foreseen that some injury would result from his act or omission or that consequences of a generally injurious nature might have been expected." *Williams v. Boulerice,* 268 N.C. 62, 68, 149 S.E. 2d 590, 594 (1966).

"The general rule is that if the defendant's act would not have resulted in any injury to an ordinary person, he is not liable for its harmful consequences to one of peculiar susceptibility, except insofar as he was on notice of the existence of such susceptibility, but if his misconduct amounted to a breach of duty to a person of ordinary susceptibility, he is liable for all damages suffered by plain-

tiff notwithstanding the fact that these damages were unusually extensive because of peculiar susceptibility." *Lockwood v. McCaskill,* 262 N.C. 663, 138 S.E. 2d 541 (1964).

"A tort-feasor is liable to the injured party for all of the consequences which are the natural and direct result of his conduct although he was not able to have anticipated the peculiar consequences that did ensue." *Lockwood v. McCaskill, supra.*

The part, or a part, having once flown loose from the planter, it was clearly foreseeable by defendant that it might do so again; and clearly it was foreseeable by defendant that some injury to an ordinary person was probable from a flying object, and particularly one which had a nail or a screw extending from it.

Reversed.

MORRIS and GRAHAM, JJ., concur.