VERA JULIAN HAITHCOCK v. CHIMNEY ROCK COMPANY

No. 7119SC204

(Filed 31 March 1971)

1. **Rules of Civil Procedure § 56— motion for summary judgment — burden of proof**

    The burden is upon the party moving for summary judgment to establish the lack of a triable issue of fact. G.S. 1A-1, Rule 56.

2. **Rules of Civil Procedure § 56— test for determining motion for summary judgment**

    In passing upon a motion for summary judgment, the test is whether the moving party, by affidavit or otherwise, has presented materials which would require a directed verdict in his favor if presented at trial.

3. **Rules of Civil Procedure § 56— motion for summary judgment — burden of opposing party**

    If defendant moving for summary judgment successfully carries his burden of proof, the plaintiff may not rely upon the bare allegations of his complaint to establish triable issues of fact, but must, by affidavits or otherwise, set forth specific facts showing that there is a genuine issue for trial.

---

**Haithcock v. Chimney Rock Co.**

---

4. **Negligence §§ 5.1, 53— scenic attraction — duty of proprietor to invitee**

Proprietor of a scenic attraction owed a business invitee on the premises the duty to exercise ordinary care to keep in reasonably safe condition the areas where the invitee was expected to go and to warn of unsafe conditions of which the proprietor was charged with knowledge.

5. **Negligence § 57— injury to invitee at scenic attraction — summary judgment**

The trial court properly granted defendant's motion for summary judgment in an action for injuries allegedly sustained when plaintiff slipped and fell on a rock while walking along a footpath at a scenic attraction operated by defendant, where the adverse examination of plaintiff, offered by defendant in support of its motion, showed that plaintiff did not actually know the nature of the object causing her fall or the duration of its presence on the footpath, and plaintiff relied solely on the unsupported allegations of her complaint.

ON writ of *certiorari* to review an order of *Gambill, Judge of the Superior Court,* 28 September 1970 Session, RANDOLPH Superior Court.

Plaintiff instituted this action to recover damages for injuries sustained while visiting a scenic attraction operated by defendant at Chimney Rock Park in Rutherford County. Plaintiff alleged that she was proceeding along a footpath some distance behind her husband when, her attention being diverted by the "spectacular views," she stepped upon a rock in the path and fell, injuring her right foot and left ankle.

The defendant caused the adverse examination of plaintiff to be taken, reproduced in pertinent part as follows:

"Q. Will you just tell us please what happened leading up to your fall and how the fall occurred?

"A. My husband and I were coming down this path and down these steps. My husband was in front of me and I was holding to a hand rail on my right and as I came to the bottom of these steps we were discussing Pulpit Rock I think over to the right, and I said—'Shall we go over see that.' There were steps over to that. We were discussing that and he and I were both looking over that way and I glanced down and saw we were coming to the bottom of the steps and I stepped on this rock I suppose; I didn't look at it. It was a hard, round object.

*        *        *

---

Haithcock v. Chimney Rock Co.

---

"Q. Other than your knowledge of that, could you definitely say whether or not you observed the rock with your eye before or after you fell?

"A. At some time or other yes, I looked over at this rock and I saw people going up.

"Q. I didn't mean that.

"A. No, I don't recall looking at that because I wasn't concerned then and I was hurting. My husband heard me fall and he turned around and came running back to help me up and wanted to know what happened. Of course I didn't stop to examine that because my knee was hurting, my ankle was hurting.

"Q. So as I understand, you are not able to definitely say you saw a rock before or after but you're certain it was one because you felt it through your shoe?

"A. I can't say it was a rock by the way it felt I am sure it was but there was some round, protruding object there that I stepped on and caused my foot to turn."

Defendant filed an answer in which it denied the material allegations of the complaint and asserted the contributory negligence of the plaintiff, and in addition, moved in the alternative for dismisal for failure to state a claim upon which relief could be granted or for judgment on the pleadings. Subsequently, the defendant filed a motion for summary judgment, relying upon the adverse examination of plaintiff in support of its motion. Plaintiff did not provide any material, by affidavit or otherwise, in opposition to the motion, although plaintiff's counsel did present oral arguments during the hearing upon the motion, the substance of which do not appear of record. From the granting of defendant's motion, and the judgment of dismissal entered thereupon, plaintiff appealed to this Court.

*Ottway Burton for plaintiff-appellant.*

*Charles T. Myers for defendant-appellee.*

BROCK, Judge.

[1-3]  The purpose of the Summary Judgment procedure provided by Rule 56 of the Rules of Civil Procedure is to ferret out those cases in which there is no genuine issue as to any material fact and in which, upon such undisputed facts, a party is entitled

Haithcock v. Chimney Rock Co.

to judgment as a matter of law. The burden is upon the moving party to establish the lack of a triable issue of fact. The test is whether the moving party, by affidavit or otherwise, presents materials which would require a directed verdict in his favor if presented at trial. *Pridgen v. Hughes,* 9 N.C. App. 635, 177 S.E. 2d 425. If the defendant successfully carries his burden of proof, the plaintiff may not rely upon the bare allegations of his complaint to establish triable issues of fact, but must, by affidavits or otherwise, as provided by Rule 56, set forth specific facts showing that there is a genuine issue for trial. *Patterson v. Reid,* 10 N.C. App. 22, 178 S.E. 2d 1. The question presented to us, therefore, is whether the pleadings and plaintiff's own testimony, as contained in her adverse examination, would have required a directed verdict for defendant.

[4, 5] Plaintiff's status in relation to defendant, we may assume, was that of a business invitee. The defendant was not an insurer of plaintiff's safety; rather, the duty owed to plaintiff was to exercise ordinary care to keep in reasonably safe condition the areas where she was expected to go and to warn of unsafe conditions of which the defendant was charged with knowledge. *Redding v. Woolworth Co.,* 9 N.C. App. 406, 176 S.E. 2d 383. Although plaintiff alleged that the cause of her fall was a rock in the path, her own testimony shows that it could as well have been some object unwittingly dropped or deliberately discarded by a fellow tourist, perhaps scant moments prior to her unfortunate mishap. Upon such weak evidence, a jury could not be permitted to speculate as to the nature of the object or the duration of its presence. cf. *Powell v. Deifells, Inc.,* 251 N.C. 596, 112 S.E. 2d 56; *Waters v. Harris,* 250 N.C. 701, 110 S.E. 2d 283. The materials produced by defendant in support of its motion amply demonstrate that plaintiff cannot bear her burden of proof to show a breach of duty. In the face of such materials, plaintiff chose to rest upon the unsupported allegations of her complaint. Summary Judgment was properly granted.

Affirmed.

Judges MORRIS and VAUGHN concur.