ALEXANDER SIMON BROOKS v. HILL ALSTON SMITH

No. 759SC375

(Filed 15 October 1975)

1. **Rules of Civil Procedure § 56— motion to continue summary judgment hearing — motion to suppress deposition**

    The trial court did not err in the denial of plaintiff's oral motions to continue a summary judgment hearing and to suppress a deposition offered by defendant where plaintiff was served with notice of the hearing and with the deposition as provided in Rule 56(e), and plaintiff failed after notice to move for a protective order under Rule 30(b) or otherwise to oppose the taking and use of the deposition by defendant.

2. **Automobiles § 40— pedestrians — highway workers — special status — degree of care**

    Plaintiff did not have a special status as a worker on the highway which required a higher degree of care on the part of defendant motorist than that owed to an ordinary pedestrian where plaintiff had left his place of work and was crossing the highway when he was struck by defendant's car.

3. **Automobiles § 83— striking highway worker — contributory negligence — summary judgment**

    In an action to recover damages for injuries sustained when plaintiff was struck by defendant's car while installing underground cables along the highway, summary judgment was properly entered for defendant on the ground that plaintiff was contributorily negligent as a matter of law where defendant presented evidence at the hearing that plaintiff had left his place of work and was crossing the highway when he collided with the side of defendant's car, and the only evidence offered in opposition by plaintiff was his complaint.

APPEAL by plaintiff from *Bailey, Judge.* Judgment entered 26 February 1975 in Superior Court, FRANKLIN County. Heard in the Court of Appeals 29 August 1975.

The plaintiff instituted this action to recover damages for injuries sustained when he was struck by an automobile operated by the defendant on 25 June 1973 while plaintiff was working as a construction crew member installing underground cables along U. S. Highway # 70 in Wake County, West of Raleigh, North Carolina. Signs were erected along the highway warning motorists that men were working in the area.

Defendant filed a motion for summary judgment on 21 January 1975. His motion was supported by the deposition of Gary Goodwin. Plaintiff's counsel did not appear for the taking

of the oral deposition of Goodwin, though duly notified; and the deposition transcript was served on plaintiff's counsel as provided by G.S. 1A-1, Rule 56(c). The motion came on for hearing as calendared on 24 February 1975. Plaintiff's attorney was present and consented to the opening and consideration by the court of plaintiff's deposition; but he objected to the use of the deposition of Gary Goodwin for that it was taken after time for discovery had expired, and moved for a continuance of the hearing on the grounds that he had had no notice of the hearing. Both motions were denied. Plaintiff excepted.

At the hearing plaintiff offered no response except his complaint, but he contended that he did have witnesses, not then available, whose testimony would raise issues of fact.

Plaintiff appealed from the summary judgment entered against him.

*Hubert H. Senter for plaintiff appellant.*

*Boyce, Mitchell, Burns & Smith by Robert E. Smith for defendant appellee.*

CLARK, Judge.

[1] In the order denying plaintiff's oral motions to continue the summary judgment hearing and to suppress the deposition of Gary Goodwin, the trial court found the plaintiff had been served with notice of the hearing and with the Goodwin deposition, as provided by G.S. 1A-1, Rule 56(c). The findings were fully supported. Plaintiff's claim that he had witnesses available for trial, who would offer evidence of defendant's negligence and injury to the plaintiff, is without merit. Since the plaintiff was duly served with notice, he had ample t'me to make a "response with affidavits or as otherwise provided by this rule." G.S. 1A-1, Rule 56(e). He failed to do so. He also failed after notice to move for protective order under Rule 30(b), or to otherwise oppose the taking or the use of the Goodwin deposition to support defendant's motion for summary judgment. His oral objection to its use, made during the hearing, was properly overruled. We find no error in the denial of the plaintiff's motions.

Plaintiff's primary assignment of error is the rendition of summary judgment for the defendant. G.S. 1A-1, Rule 56(c) provides in part that "if the pleadings, depositions, answers

to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue to any material fact" the appropriate judgment shall be rendered forthwith.

As movant, defendant had the burden of "clearly establishing the lack of any triable issue of fact by the record properly before the court. His papers are carefully scrutinized, and those of the opposing party are on the whole indulgently treated." 6 Moore's Federal Practice (2d Ed. 1971), § 56.15(8), at 2439, quoted in *Page v. Sloan,* 281 N.C. 697, 190 S.E. 2d 189 (1972). The movant must meet this burden even when he does not have the burden of proof at trial. *Savings and Loan Assoc. v. Trust Co.,* 282 N.C. 44, 191 S.E. 2d 683 (1972).

In support of his motion for summary judgment, Smith offered the affidavit of Gary Goodwin, an eyewitness to the accident. This affidavit stated in part,

> "When Mr. Brooks came up onto the surface of the road and ran out into the road, the portion of the automobile that he collided with was about two foot back on the left front fender. In other words, he struck the side of the front fender on the driver's side of the automobile. He knocked one of the side mirrors off and his arm went through the windshield; and it just spun him around in the road and he fell back over the inside lane, the lane closest to the median. The automobile which Mr. Brooks collided with was traveling in the right-hand lane, the outside lane. There was other traffic there at the time of the accident. The traffic was heavy.
>
> \*   \*   \*
>
> There was no difference in the speed of the automobiles which I saw passing the scene of the accident at the time of the accident. They were all traveling about the same speed . . . . "

This showing negates Brooks' claim that the accident resulted from an act or omission of Smith and initially carries the burden placed upon movant under Rule 56(c). "[I]f the moving party by affidavit or otherwise presents materials which would require a directed verdict in his favor, if presented at trial, then he is entitled to summary judgment unless the opposing party either shows that affidavits are then unavailable to him, or he comes forward with some materials, by affidavit or

otherwise, that show there is a triable issue of material fact. . . . " *Pridgen v. Hughes,* 9 N.C. App. 635, 640, 177 S.E. 2d 425, 428 (1970).

[2] The plaintiff claims that as a worker in the highway he had a special status which required a higher degree of care on the part of the defendant than that owed an ordinary pedestrian. Some courts recognize such "special status" of a highway worker for the stated reason that the worker is directing his attention to his work and cannot be expected to keep a constant lookout for vehicles. See Annot., 5 A.L.R. 2d 758 (1949); and *Murray v. Atlantic Coast Line R. Co.,* 218 N.C. 392, 11 S.E. 2d 326 (1940). But in this case the plaintiff alleged and the evidence establishes that plaintiff had left his place of work and was crossing the highway when struck. Under these circumstances there is no support for the claim of special status. The plaintiff was an ordinary pedestrian and as such was under the duty to exercise due care for his own safety. Under G.S. 20-174(a) he had the duty to yield the right-of-way to vehicular traffic since he was crossing at a point other than a crosswalk. *Blake v. Mallard,* 262 N.C. 62, 136 S.E. 2d 214 (1964). He also had the duty to maintain a reasonable lookout for oncoming traffic before stepping into the highway and while crossing. *Garmon v. Thomas,* 241 N.C. 412, 85 S.E. 2d 589 (1954). A pedestrian who fails to take these precautions cannot be said to exercise reasonable care for his own safety. *Brooks v. Boucher,* 22 N.C. App. 676, 207 S.E. 2d 282 (1974).

[3] In this case if the plaintiff had looked to his right before or while moving behind the first passing automobile, he could have seen the defendant's car and, seeing the car, presumably would not have run into its side. We find that the Goodwin deposition clearly establishes contributory negligence on the part of the plaintiff which was the proximate cause of his injuries.

The burden then shifted to the plaintiff under Rule 56(e) to show that there is a genuine issue for trial, or to provide an excuse for not doing so under Rule 56(f). The plaintiff failed to do so. The plaintiff in his deposition stated that he was rendered unconscious by the collision and now has no memory of the events surrounding the collision. The only response offered by the plaintiff was his Complaint. Under Rule 56(e) he could not rest upon the "mere allegations or denials of his pleading." If the defendant moving for summary judgment successfully

In re Arthur

carries his burden of proof, the plaintiff must, by affidavits or otherwise, set forth specific facts showing that there is a genuine issue for trial and he cannot rest upon the very allegations of his complaint. *Haithcock v. Chimney Rock Co.,* 10 N.C. App. 696, 179 S.E. 2d 865 (1971). Here the purpose of this rule is more compelling in view of plaintiff's statement in his deposition that he had no memory of what happened.

We recognize that it is only in the exceptional negligence case that summary judgment should be allowed. But we find that the facts of this case present that type of exceptional case where summary judgment is appropriate since it was clearly established that the plaintiff was contributorily negligent as a matter of law. The summary judgment for the defendant is

Affirmed.

Judges MORRIS and VAUGHN concur.