CITY OF WINSTON-SALEM v. HOOTS CONCRETE COMPANY, INC.

No. 7721SC578

(Filed 11 July 1978)

**Municipal Corporations § 30.11— permitted use under zoning ordinance—determination by zoning officer**

    If a city zoning officer determined that a concrete mixing operation was a permitted use of premises zoned "limited industrial," the officer acted pursuant to authority specifically granted by the zoning ordinance to determine the listed use to which a proposed activity is most similar in those cases in which the proposed use is not specifically listed in the table of uses, and the city could not enjoin the use of the premises for a concrete mixing business; however, if no zoning officer made such a determination, the city could enforce its ordinance against the premises under an appropriate interpretation of the ordinance.

APPEAL by defendant from *Lupton, Judge.* Judgment entered 9 May 1977 in Superior Court, FORSYTH County. Heard in the Court of Appeals 6 April 1978.

*Ronald G. Seeber, City Attorney, and Womble, Carlyle, Sandridge & Rice, by Roddey M. Ligon, Jr., for the plaintiff.*

*Deal, Hutchins & Minor, by Fred S. Hutchins, Jr., and Booe, Mitchell, Goodson & Shugart, by William S. Mitchell, for the defendant.*

BROCK, Chief Judge.

This action was instituted 12 November 1976 to permanently enjoin defendant from conducting a concrete mixing business on the property located at 4520 Indiana Avenue, Winston-Salem. The property in question is zoned I-2 (Limited Industrial District).

The case was heard in the trial court on plaintiff's motion for summary judgment.

By his affidavit, defendant asserts that in 1970 he applied for and was issued a "building" permit for a building on the premises; that he advised a zoning officer of the nature of the business he proposed to conduct and advised that the construction of storage bins and a large hopper on the premises were necessary; that a zoning officer advised defendant the conduct of defendant's proposed concrete mixing business was a permitted use within the zone I-2; that it would not be necessary to obtain a building permit for the bins and hopper; that the bins and hopper were placed upon the premises before the building was constructed; that a zoning officer, building inspector and wiring inspector inspected the premises after the bins and hopper were erected; that he was again advised that his business was in compliance with the zoning ordinance; that defendant commenced his concrete mixing operations and thereafter sold mixed concrete to the plaintiff among others; and that no suggestion of non-compliance with the zoning ordinance was made until five and one-half years after the operation had begun.

Plaintiff's affidavits tended to contradict defendant's assertion that defendant had been issued a permit to construct a building for a mixed concrete operation, or that a zoning officer had advised defendant that his business was in compliance with the zoning ordinance.

Plaintiff, apparently relying upon the general principle that a municipality cannot be estopped to enforce its zoning laws,

stipulated for the purpose of the hearing on the motion for summary judgment "that His Honor can assume that the Defendant's version is accurate and can assume that the City did, in fact, permit the Defendant to go to this site and to carry on the operation that is now carried on at this site knowing that this operation would be carried on at that site."

His Honor, also apparently relying upon the general principle that a municipality cannot be estopped to enforce its zoning laws, rendered summary judgment for the plaintiff and permanently enjoined defendant from carrying on the concrete mixing operation at the site of 4520 Indiana Avenue, Winston-Salem.

Upon a motion for summary judgment the movant (plaintiff in the present case) has the burden to clearly establish the lack of any triable issue of fact by the record properly before the court. The papers of the moving party are carefully scrutinized, and those of the opposing party are, on the whole, indulgently treated. *Brooks v. Smith*, 27 N.C. App. 223, 218 S.E. 2d 489 (1975).

Subsection G of Section 29-6, Article I, Chapter 29 of the City Code (City of Winston-Salem) provides a "Table of Permitted Uses." This table of permitted uses does not specifically describe a concrete mixing operation in any of the three types of districts zoned "Industrial"; *i.e.*, I-1 (Central Limited Industrial District), I-2 (Limited Industrial District), and I-3 (General Industrial District).

At the beginning of subsection G of the City Code provides in pertinent part as follows:

"G. *Table of Permitted Uses*

The following uses shall be permitted in the districts as indicated herein and shall comply with all regulations of the applicable district. Where a proposed use is covered by a specific permitted use provision, that provision shall apply, to the exclusion of any provision using general terminology. On receiving an application for a zoning permit for a use not specifically listed in this subsection, the Zoning Officer shall determine the listed use to which it is most similar and shall enforce for the requested use all requirements applicable to the similar use."

City Code section 29-19-A-2-a(2) provides in part as follows: "A building permit issued in accordance with the Building Code shall serve also as a zoning permit."

The City Code authorizes the zoning officer to determine the listed use to which an activity proposed in an application for zoning permit is most similar in those cases in which the requested use is not specifically listed in the table of uses. Defendant's affidavits tend to show that the zoning officer did make such a determination and advised defendant that the proposed concrete mixing operation was a permitted use of the premises zoned I-2. Defendant argues that the determination was a reasonable and justifiable determination because the concrete mixing operation is most similar to the following permitted uses of property zoned I-2:

— Fabrication or assembly of products from prestructured materials or components.

— Fabrication of wood, leather, paper, water or plastic products.

— Quarries or other extractive industries.

— Storage yard.

— Wholesale storage or sale, or storage services.

Plaintiff on the other hand argues that defendant's concrete mixing operation is most similar to, and can be classified only under the following permitted use which is restricted to property zoned I-1 or I-3:

— Any processing, or the manufacture of any products, from any material (including but not limited to animal or vegetable matter, chemicals or chemical compounds, glass, metals, minerals, stones, or earths).

We will not enter into a discussion of the varied definitions of some of the words used in describing the permitted uses. Suffice it to say that we are unable to say as a matter of law that defendant's concrete mixing operation is more similar to the permitted uses urged by defendant, or to the permitted use urged by plaintiff. Therefore a triable issue of fact remains as to whether plaintiff's zoning officer approved defendant's concrete mixing

operation as a permitted use under I-2. If not, the city cannot be estopped to enforce its zoning ordinance under an appropriate interpretation of the ordinance. If so, the question of estoppel does not arise because the zoning officer, acting under authority of the ordinance, made a reasonable, justifiable and lawful determination as to the classification of the use. Assuming the latter, if the city wishes to amend its ordinance to provide that a concrete mixing operation is a permitted use only under I-1 and/or I-3, then defendant's operation will be a non-conforming use which cannot, under the present circumstances, be enjoined.

We are not questioning the principle of law set out in *Helms v. Charlotte*, 255 N.C. 647, 122 S.E. 2d 817, 96 A.L.R. 2d 439 (1961) and *Raleigh v. Fisher*, 232 N.C. 629, 61 S.E. 2d 897 (1950), upon which plaintiff relies. Those cases establish that a city cannot be estopped to enforce a zoning ordinance against a violator due to the conduct of a city official in encouraging or permitting the violation. The cited cases are distinguishable from the case *sub judice* in that they both involved uses clearly prohibited by the ordinances in question which city officials had no authority to encourage or permit. In the case at hand, if a zoning officer did indeed authorize the operation conducted by defendant, the zoning officer was acting pursuant to authority specifically granted by the zoning ordinance, as noted *supra*.

We have not overlooked defendant's argument that the mixing operation is not performed on the site, but is performed during delivery. However, in view of the above disposition we feel that a discussion of this argument is unnecessary.

The summary judgment for plaintiff is reversed and the cause is remanded for further appropriate proceedings.

Reversed and remanded.

Judges HEDRICK and VAUGHN concur.