TOMMY ALFRED HILLMAN v. UNITED STATES LIABILITY INSURANCE COMPANY

No. 8118SC1182

(Filed 19 October 1982)

1. **Insurance § 74; Negligence § 8.1— chain collision—foreseeability of second impact—deduction of more than one deductible improper**

   In an action by an insured against his insurance company for damages sustained in a chain collision, it was error for the insurance company to subtract from defendant's damages two deductibles, one for the collision between plaintiff and the car in front of him and one for the collision between plaintiff and the car behind him. The evidence tended to show that the operator of the car in front of plaintiff braked suddenly, plaintiff slammed on his brakes but was unable to stop, slid into the first car, the operator of the third car was able to come to a full stop; however, the operator of the fourth car was not able to stop and some four or five seconds after the first collision, pushed the third car into the rear of plaintiff's car. The fact that the operator of the third vehicle was able to come to a stop for four or five seconds after plaintiff hit the first car does not break the chain of proximate causation set in motion by the first car's action.

2. **Attorneys at Law § 7.5; Rules of Civil Procedure § 56.4— award of attorney's fees against insurer—summary judgment for insured proper where no opposing affidavits**

   The trial court properly denied defendant's oral motion in open court that the trial court conduct an evidentiary hearing to determine whether the defendant's conduct amounted to an unwarranted refusal to pay plaintiff's insurance claim under G.S. 6-21.1 since plaintiff's supporting papers sufficiently demonstrated his entitlement to attorney's fees, and since defendant failed to file any affidavits pertaining to additional factual matters other than those ad-

dressed in his pleadings which might have had a bearing on the issue of "an unwarranted refusal" to pay plaintiff's claim. G.S. 1A-1, Rule 56(c) and (f).

**3. Attorneys at Law § 7.5— assessment of attorney's fees as part of court cost in insurance action proper**

The trial court did not abuse its discretion in assessing the defendant insurer plaintiff's attorney's fees under G.S. 6-21.1 where the trial court made a finding of "an unwarranted refusal by the defendant insurance company to pay the claim which constitute[d] the basis" of his suit.

APPEAL by defendant from *Lane (Arthur), Judge.* Judgment entered 23 July 1981 in Superior Court, GUILFORD County. Heard in the Court of Appeals 31 August 1982.

Plaintiff, Tommy Alfred Hillman was involved in a four-car automobile accident on U.S. Highway 29. Plaintiff's automobile received damages from this accident totaling $906.37. Pursuant to his collision insurance policy, plaintiff submitted a claim for $906.37, less the $100.00 deductible. Defendant, United States Liability Insurance Company tendered a check to plaintiff in the amount of $706.37, representing plaintiff's loss, less two deductibles. Plaintiff returned the check to defendant and commenced this action.

Plaintiff's causes of action were for breach of contract and bad faith refusal to pay plaintiff for damages to his automobile. The complaint alleges that damage to plaintiff's automobile was caused by a single accident wherein plaintiff's vehicle struck a vehicle which had suddenly stopped in front of him, and in turn, plaintiff's vehicle was struck from the rear by another vehicle. Plaintiff claimed that defendant insurer was liable to plaintiff for $906.37, less the $100.00 deductible. The prayer for relief also contained a request that defendant be assessed plaintiff's attorney's fees pursuant to G.S. 6-21.1, for an unwarranted refusal to pay the claim, as part of the costs of the action.

Defendant answered admitting liability but asserting that the "accident" involved two separate "accidents" or collisions, one in the front and one in the rear, entitling defendant to subtract two deductibles under the terms of the insurance policy.

Plaintiff moved for partial summary judgment on the issue of liability and for assessment of counsel fees pursuant to G.S. 6-21.1. Movant's supporting affidavit stated that at the time of the

accident the operator of the vehicle in front of him suddenly applied her brakes. Plaintiff slammed on his brakes and slid into the rear of that first vehicle. This was the "first impact." Immediately after the first impact, the vehicle behind plaintiff, referred to as the "third vehicle," was in turn propelled into the rear of plaintiff's vehicle by a fourth vehicle. This constituted the "second impact."

In opposition, defendant filed an affidavit of the operator of the third vehicle, stating that he had come "to a full stop and was sitting there four or five seconds when the van behind me hit me and knocked me into Hillman."

At the conclusion of the summary judgment hearing, the defendant made an oral motion that the court conduct an evidentiary hearing on the issue of attorney's fees to determine whether defendant's conduct amounted to an unwarranted refusal to pay the claim. The motion was denied. An order was entered granting partial summary judgment in plaintiff's favor, awarding plaintiff $806.37 as well as attorney's fees under G.S. 6-21.1.

Defendant assigns error to the granting of partial summary judgment for plaintiff, to the award of specific damages and attorney's fees and to the denial of defendant's oral motion to conduct a hearing to determine if its refusal to pay the claim was unwarranted.

*Pearman & Pearman by Richard M. Pearman, Jr. and Larry W. Pearman, for defendant appellant.*

*Gabriel, Berry, Harris & Weston by M. Douglas Berry, for plaintiff appellee.*

JOHNSON, Judge.

I. Defendant's Liability for Collision Damage

[1] Defendant argues that the trial court erred in granting partial summary judgment for plaintiff on his contract claim because the affidavit submitted by defendant raises a genuine issue of material fact as to the number of collisions and therefore, number of deductibles that are applicable to the claim. Plaintiff maintains that the affidavit raises only an issue as to the exact sequence of the two impacts, which is neither genuine nor material to its claim under the policy.

G.S. 1A-1, Rule 56(c) of the Rules of Civil Procedure provides that summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law. The burden of establishing the lack of any triable issue of fact is on the party moving for summary judgment, and the movant's papers are carefully scrutinized while those of the opposing party are regarded with indulgence. *Bank v. Gillespie*, 291 N.C. 303, 230 S.E. 2d 375 (1976). If the party moving for summary judgment successfully carries its burden of proof of showing that there is no genuine issue as to any material fact, the opposing party, by affidavits or otherwise, as provided by Rule 56, must set forth specific facts showing that there is a genuine issue for trial. *Haithcock v. Chimney Rock Company*, 10 N.C. App. 696, 179 S.E. 2d 865 (1971). An issue is material if the alleged facts constitute a legal defense or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action. The issue is denominated "genuine" if it may be maintained by substantial evidence. *Koontz v. City of Winston-Salem*, 280 N.C. 513, 186 S.E. 2d 897 (1972).

The applicable provision of the insurance policy governing the claim states:

"Collision or Upset: To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, caused by collision of the automobile with another object or by upset of the automobile, but only for the amount of each such loss in excess of the deductible amount, if any, stated in the declarations as applicable hereto."

The deductible amount, as stated in the declarations of plaintiff's policy is $100.00.

The number of "collisions" or "accidents" is material to the amount of defendant's liability under the policy. However, the controlling facts before the trial judge did not give rise to a triable issue as to the number of "accidents" involved in plaintiff's "accident."

Plaintiff's supporting affidavit characterizes the accident in the following manner:

"At the time of the accident, the Plaintiff was following a 1973 Dodge being operated by one Josephine Herbin Manson (hereinafter referred to as 'first vehicle') when the operator of the first vehicle suddenly applied her brakes, at which time the Plaintiff slammed on his brakes and slid into the rear of the first vehicle. Immediately after the impact of the Plaintiff's vehicle (hereinafter referred to as the 'first impact'), a 1979 Ford being operated by Clifton Franklin (hereinafter referred to as 'third vehicle') which was following the Plaintiff's vehicle slammed on his brakes and slid into the rear of the Plaintiff's vehicle, and immediately thereafter, a 1979 Chevrolet being operated by Keith Allen Sills (hereinafter referred to as 'fourth vehicle') slammed on his brakes and slid into the rear of the third vehicle, pushing it into the rear of Plaintiff's vehicle (hereinafter referred to as the 'second impact')."

Plaintiff also alleged that no more than several seconds passed between the first and second impacts. While the affidavit appears to have the third vehicle sliding into plaintiff twice, it is clear that plaintiff intended to describe two impacts, one in the front and one in the rear of his automobile. In short, the affidavit describes a classic four car "chain collision" accident, occurring in the span of several seconds.

Defendant's affiant, the driver of the third vehicle, characterized the accident in the following manner: "I came to a full stop and was sitting there four or five seconds when the van behind me hit me and knocked me into Hillman." Defendant maintains that the chain of causation set in motion by the first vehicle's sudden stop was broken or interrupted and was replaced by another chain of causation, thus resulting in two accidents.

According to the terms of the insurance policy, defendant insurer has an obligation to pay for the plaintiff's property damage in excess of $100.00 provided that it was "caused by" the plaintiff's collision with the vehicle in front of him.

The principles of "proximate cause" that are applicable in automobile negligence cases apply in this case.

"In order to bring the loss of, or damage to, the insured automobile within the coverage of a collision policy, such loss

or damage must be the result of a collision, that is, a collision must be the proximate cause of the loss or damage . . . *45 C.J.S., Insurance,* § 800, p. 844."

The law is generally stated as follows:

"With respect to the coverage of a collision or upset policy the broad rule has been stated that, where the peril specifically insured against sets other causes in motion which, in an unbroken sequence and connection between the act and the final injury, produce the final result for which a recovery is sought under the policy, the peril insured against will be regarded as the proximate cause of the entire loss so as to render insurer liable for such loss within the limits fixed by the policy . . ."

*Id.,* at 845.

Therefore, under the terms of plaintiff's collision insurance policy, as long as the first impact or initial collision is a proximate cause of any subsequent damage, the defendant insurer is obligated to cover all of that damage, less only one deductible.

The principles of proximate cause that serve to delineate superceding and intervening causes in negligence cases are applicable to this question of contract interpretation also.

In the case of *Hester v. Miller,* 41 N.C. App. 509, 255 S.E. 2d 318, *disc. rev. denied,* 298 N.C. 296, 259 S.E. 2d 913 (1979), this Court stated:

"There may be more than one proximate cause of an injury. It is not required that the defendants' negligence be the sole proximate cause of injury, or the last act of negligence . . . In order to hold the defendant liable, it is sufficient if his negligence is one of the proximate causes . . .

In order to insulate the negligence of one party, the intervening negligence of another must be such as to break the sequence or causal connection between the negligence of the first party and the injury. The intervening negligence must be the *sole* proximate cause of the injury . . . In cases involving rearend collisions between a vehicle slowing or stopping on the road without proper warning signals, and following vehicles, the test most often employed by North Carolina

Courts is foreseeability. The first defendant is not relieved of liability unless the second independent act of negligence could not reasonably have been foreseen . . . The foreseeability standard should not be strictly applied. It is not necessary that the whole sequence of events be foreseen, only that some injury would occur." (Emphasis original)

*Id.* at 512-513, 255 S.E. 2d at 320-321.

In the earlier decision of *McNair v. Boyette*, 15 N.C. App. 69, 189 S.E. 2d 590 (1972), this Court discussed in detail the legal definition of intervening negligence. The *McNair* decision involved a time lapse of several minutes from the first alleged act of negligence and the second. The *McNair* court stated:

" . . . the test by which negligent conduct of one is to be insulated as a matter of law by the independent negligent act of another is reasonable unforeseeability on the part of the original actor of the subsequent intervening act and resultant injury . . ."

*Id.* at 72, 189 S.E. 2d at 593.

Citing the case of *Butner v. Spease*, 217 N.C. 82, 6 S.E. 2d 808 (1940), the *McNair* court stated:

"The decisions are all to the effect that liability exists for the natural and probable consequences of negligent acts or omissions, proximately flowing therefrom. The intervening negligence of a third person will not excuse the first wrongdoer, if such intervention ought to have been foreseen. In such case, the original negligence still remains active and a contributing cause of the injury. The test is to be found in the probable consequences reasonably to be anticipated, and not in the number or exact character of events subsequently arising."

*McNair*, 15 N.C. App. at 72, 189 S.E. 2d at 593.

The affidavits submitted by the parties describe a line of cars traveling on a highway at about 45 to 50 miles per hour. The operator of the first car braked suddenly. The plaintiff in the second car slammed on his brakes but, unable to stop, slid into the first car. The operator of the third car was able to come to a full stop. However, the operator of the fourth car was not able to stop

and some four or five seconds after the first collision, pushed the third car into the rear of plaintiff's car.

Defendant's affidavit does not allege specific facts raising an inference of intervening negligence on the part of the operator of the fourth vehicle sufficient to defeat plaintiff's motion for summary judgment. In terms of proximate causation it is not unforeseeable that one or more, if not all, of the following cars will not be able to stop in time to avoid a "chain reaction" collision. The probable consequences reasonably to be anticipated from suddenly stopping on a highway are exactly those outlined here, a line of cars undergoing a series of impacts in an unbroken sequence. *See Lewis v. Fowler*, 22 N.C. App. 199, 206 S.E. 2d 329 (1974), *cert. denied*, 285 N.C. 660, 207 S.E. 2d 754 (1974).[1]

The fact that the operator of the third vehicle was able to come to a stop for four or five seconds after plaintiff hit the first car does not break the chain of proximate causation set in motion by the first car's action.

Defendant relies on *Liberty Mutual Insurance Company v. Rawls*, 404 F. 2d 880 (5th Cir. 1968) to support the argument that two separate "chains of causation" resulted in two separate "losses" to plaintiff's automobile. However, *Liberty Mutual* is clearly distinguishable from the case under discussion, as the facts there did not contain an unbroken sequence of events caused by the first collision and leading up to the second collision. In *Liberty Mutual* the insured's first collision was separated by both time, two—five seconds and distance, between 30 and 300 feet from the second collision. Yet, the critical aspect of the case was the lack of evidence of loss of control on the part of the insured after the first collision necessary to raise the inference that there were fewer than two distinct collisions. The court found the question of the number of accidents appropriate for summary judgment, stating, "the only reasonable inference is that Bess (the driver) had control of his vehicle even after the initial collision." *Id.* at 880. The only reasonable inference arising from the affidavits submitted here is that the first car's act of braking suddenly set in motion an unbroken sequence of driver reactions in

---

1. In *Lewis v. Fowler*, this Court found that a "pile up" of vehicles was the reasonably foreseeable result of a substantial blockage of traffic lanes.

cars two through four which resulted in damage to both the front and rear of plaintiff's automobile. No unforeseeable independent acts of negligence were alleged to break the initial causal chain. There being no genuine issue of material fact to present to the trier of fact, partial summary judgment in favor of plaintiff on his contract claim was proper. Defendant's first assignment of error is without merit.

## II. Allowance of Plaintiff's Attorney Fees

Defendant's other assignments of error relate to the award of attorney's fees to plaintiff pursuant to the provisions of G.S. 6-21.1.[2] Defendant argues that the trial judge (a) erred in denying his oral motion that the court conduct an evidentiary hearing on the issue of attorney's fees and (b) that the trial judge erred in assessing defendant of the plaintiff's attorney's fees as part of the costs of the action. We find merit in neither of these contentions.

### A

[2] Following the hearing of plaintiff's motion for summary judgment, the defendant made an oral motion in open court that the trial court conduct an evidentiary hearing to determine whether the defendant's conduct amounted to an unwarranted refusal to pay the plaintiff's claim. That motion was properly denied by the trial court.

The plaintiff's claim for the assessment of attorney's fees was properly made in his prayer for relief in the original complaint. The claim was then restated in his motion for partial summary judgment. The plaintiff's motion for partial summary judgment was properly served on the defendant's attorney on 24 April 1981, and was not heard until approximately three months later. The defendant had more than ample opportunity to gather and

---

2. G.S. 6-21.1. In any personal injury or property damage suit, or suit against an insurance company under a policy issued by the defendant insurance company and in which the insured or beneficiary is the plaintiff, upon a finding by the court that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit, instituted in a court of record, where the judgment for recovery of damages if five thousand dollars ($5,000) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as a part of the court costs.

present any evidence bearing on the question of plaintiff's entitlement to attorney's fees under G.S. 6-21.1.

G.S. 1A-1, Rule 56(c) gives the party opposing a summary judgment motion up until the day prior to the day of the hearing to serve opposing affidavits. Aside from defendant's answer, his only responsive affidavit went to the issue of liability, not attorney's fees. Plaintiff's supporting papers sufficiently demonstrated his entitlement to attorney's fees. The burden then shifted to the defendant under Rule 56(c) to show that there is a genuine issue for trial, or to provide an excuse for not doing so under Rule 56(f). *Brooks v. Smith,* 27 N.C. App. 223, 218 S.E. 2d 489 (1975). The defendant failed to do either.

If the party moving for summary judgment successfully carries his burden of proof, the opposing party must, by affidavits or otherwise, set forth specific facts showing that there is a genuine issue for trial and he cannot rest upon the bare allegations or denials of his pleading. *Id.* at 227, 218 S.E. 2d at 492, *citing, Haithcock v. Chimney Rock Co.,* 10 N.C. App. 696, 179 S.E. 2d 865 (1971).

In the instant case, defendant failed to file any affidavits pertaining to additional factual matters which might have had a bearing on the issue of "an unwarranted refusal" to pay the claim. Therefore, the defendant failed to set forth specific facts in a timely manner to show that there was a genuine issue as to the plaintiff's entitlement to attorney's fees.

Rule 56(f) provides ample opportunity for the opposing party to move for a continuance of the motion in order to obtain more facts through discovery or, in the alternative to move for a continuance on the grounds that the party is not, at that time, able to obtain the relevant facts in time to file opposing affidavits. In the case at bar, the defendant did neither.

The defendant is correct in arguing that the wording of G.S. 6-21.1 contemplates some type of inquiry by the presiding judge before the court may exercise its discretion in awarding a fee to plaintiff's counsel. However, the record in this case shows that defendant had notice of the claim and an ample amount of time to obtain opposing affidavits. The trial court had before it pleadings and affidavits sufficient to rule on plaintiff's motion for summary

judgment on the issue of attorney's fees. The defendant's oral motion at the conclusion of the summary judgment hearing was not timely under Rule 56 and was properly denied.

Furthermore, we note that while oral testimony is permissible on a motion for summary judgment, G.S. 1A-1, Rule 43(e); *Chandler v. Savings and Loan Assoc.*, 24 N.C. App. 455, 211 S.E. 2d 484 (1975), the admission of such testimony is in the court's discretion. *Pearce Young Angel Co. v. Enterprises, Inc.*, 43 N.C. App. 690, 260 S.E. 2d 104 (1979). Defendant gives no reason why he failed to present his evidence by affidavit. There was no abuse of discretion in the denial of defendant's motion for an evidentiary hearing.

B

[3]  Defendant next argues that the trial judge erred in taxing plaintiff's attorney fees as a part of the court costs of the action.

The allowance of counsel fees under G.S. 6-21.1 is, by the express language of the statute, in the discretion of the presiding judge. The case law in North Carolina is clear that to overturn the trial judge's determination, the defendant must show an abuse of discretion. *Callicut v. Hawkins*, 11 N.C. App. 546, 181 S.E. 2d 725 (1971); *Harrison v. Herbin*, 35 N.C. App. 259, 241 S.E. 2d 108 (1978), *cert. denied*, 295 N.C. 90, 244 S.E. 2d 258 (1978).

The requirement of G.S. 6-21.1 that the trial court make a finding of "an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such a suit" has been met in the case at bar. The order granting partial summary judgment states that the court heard arguments of counsel for both plaintiff and defendant, reviewed the record, including the affidavits of both parties and found no triable issue affecting plaintiff's entitlement to $806.37 on his contract claim and the assessment to the defendant of the plaintiff's attorney's fees. The order specifically states that the assessment is:

"[F]or the Defendant's unwarranted refusal to pay the full amount of said claim, said reasonable attorney's fees being the sum of Eight Hundred Fifty and No/100 Dollars ($850.00) based on the verified affidavit submitted by the plaintiff's attorney showing a minimum of 21.8 hours of the said attorney's time."

Having heard the parties, the trial judge was in the best position to determine whether the defendant's refusal was unwarranted. The order clearly shows that the trial judge made the required finding of "unwarranted refusal," *Piping, Inc. v. Indemnity Co.*, 9 N.C. App. 561, 176 S.E. 2d 835 (1970), as well as the required finding regarding the reasonableness of the court-awarded attorney's fees. *Hill v. Jones*, 26 N.C. App. 168, 215 S.E. 2d 168 (1975), *cert. denied*, 288 N.C. 240, 217 S.E. 2d 664 (1975).

The intent and purpose of G.S. 6-21.1 was set forth in the case of *Hubbard v. Lumberman's Mutual Casualty Company*, 24 N.C. App. 493, 211 S.E. 2d 544, *cert. denied*, 286 N.C. 723, 213 S.E. 2d 721 (1975), where this Court stated:

> "The obvious purpose of this section is to provide relief for a person who has sustained injury or property damage in an amount so small that, if he must pay his attorney out of his recovery, he may well conclude that it is not economically feasible to bring suit on his claim . . . This legislation, being remedial, should be construed liberally to accomplish the purpose of the Legislature and to bring within it all cases fairly within its intended scope . . . "

24 N.C. App. at 497, 211 S.E. 2d at 546.

The finding that the defendant's refusal to pay the full amount of the plaintiff's claim was "unwarranted" is supported by the record in this case. Defendant has demonstrated no abuse of the trial judge's discretion in assessing the defendant of plaintiff's attorney's fees.

Affirmed.

Judges VAUGHN and HILL concur.