HUNTER, Judge.
By this appeal, Scott D. Minter ("defendant") presents several procedural issues arising from the trial court's entry of summary judgment in favor of Michael Moss ("plaintiff"). Defendant argues the trial court erroneously (I) granted plaintiff's motion for summary judgment where plaintiff failed to give defendant notice of the summary judgment hearing; (II) excluded defendant's testimony contesting plaintiff's summary judgment motion; and (III) failed to exercise its jurisdiction to consider setting the appeal bond atless than $250.00. Defendant also argues the magistrate erroneously denied defendant's motion for a continuance. We affirm the judgment below.
Defendant agreed to lease one of plaintiff's beach rental properties in Wilmington, North Carolina, beginning in January 2003 and ending on 30 May 2003. Defendant agreed to pay $500.00 monthly rent from January through March and $600.00 for April and May. Defendant also agreed to leave the premises during May if plaintiff had a weekly rental for the property and plaintiff would reimburse defendant $150.00. The lease was silent as to whether pets were allowed.
Plaintiff contends defendant breached the lease agreement by failing to vacate the premises during one week in May, for remaining in the property one day beyond the expiration of the lease term and for having a pet on the premises. Defendant was also charged a pet fumigation and clean-up fee. The total amount of damages demanded was $3,633.11.
Plaintiff initiated a small claims action against defendant to be heard on 23 June 2003. Defendant moved for a continuance as he had a nonrefundable vacation to Spain scheduled for the same date. The magistrate denied the motion and defendant did not appear. A judgment was entered in plaintiff's favor and defendant appealed by requesting a trial de novo in district court. In district court,plaintiff moved for summary judgment. At the summary judgment hearing, the trial court would not allow defendant to present oral testimony opposing plaintiff's motion. As defendant had neither answered plaintiff's complaint nor filed any affidavits in opposition to plaintiff's summary judgment motion, summary judgment was entered in favor of plaintiff. Defendant appeals.
Defendant first contends the trial court lacked authority to consider plaintiff's motion for summary judgment because defendant received inadequate notice of the hearing. A summary judgment "motion shall be served at least 10 days before the time fixed for the hearing" to provide notice to the opposing party. N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003). Failure to comply with this mandatory ten-day notice requirement deprives the trial court of authority to grant summary judgment unless the opposing party waives notice. Calhoun v. Wayne Dennis Heating & Air Cond., 129 N.C. App. 794, 800, 501 S.E.2d 346, 350 (1998), review dismissed, 350 N.C. 92, 532 S.E.2d 524 (1999); see also Barnett v. King, 134 N.C. App. 348, 517 S.E.2d 397 (1999); Trust Co. v. Rush, 17 N.C. App. 564, 195 S.E.2d 96 (1973).
In this case, the summary judgment hearing was held on 11 August 2003; however, the notice sent to defendant on 29 July 2003 indicated the summary judgment hearing would be held on 4 August 2003. Therefore, defendant contends he did not receive propernotice. Plaintiff contends the date in the notice was a typographical error, as the calendar request that was sent with the notice indicated the summary judgment hearing would occur on 11 August 2003.
Notwithstanding the parties' arguments as to whether the notice was proper, defendant waived any objections regarding the adequacy of the notice by participating in the hearing. See Anderson v. Anderson, 145 N.C. App. 453, 456, 550 S.E.2d 266, 269 (2001) (stating "[a] party waives notice of a motion by attending the hearing of the motion and by participating in the hearing without objecting to the improper notice or requesting a continuance for additional time to produce evidence"). The record indicates defendant informed the trial court he had received notice of the proceedings and attempted to make arguments in opposition to plaintiff's motion for summary judgment. Accordingly, we overrule this assignment of error.
Next, defendant argues the trial court erroneously excluded defendant's testimony contesting plaintiff's summary judgment motion. We disagree.
G.S. 1A-1, Rule 56(c) of the Rules of Civil Procedure provides that summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitledto judgment as a matter of law. The burden of establishing the lack of any triable issue of fact is on the party moving for summary judgment, and the movant's papers are carefully scrutinized while those of the opposing party are regarded with indulgence. If the party moving for summary judgment successfully carries its burden of proof of showing that there is no genuine issue as to any material fact, the opposing party, by affidavits or otherwise, as provided by Rule 56, must set forth specific facts showing that there is a genuine issue for trial.
Hillman v. United States Liability Ins. Co., 59 N.C. App. 145, 148, 296 S.E.2d 302, 304-05 (1982) (citations omitted). Oral testimony is permissible on a motion for summary judgment; however, the admission of such testimony is in the court's discretion. Id. at 155, 296 S.E.2d at 308. If the trial court considers oral testimony, "the trial court is only to rely on such testimony in a supplementary capacity, to provide a `small link' of required evidence, but not as the main evidentiary body of the hearing." Strickland v. Doe, 156 N.C. App. 292, 296, 577 S.E.2d 124, 129 (2003).
In this case, the trial court would not allow defendant to orally oppose plaintiff's motion for summary judgment by arguing the facts and defendant has not shown the exclusion of this testimony constituted an abuse of discretion. Accordingly, we conclude the trial court did not abuse its discretion. Defendant next argues the trial court failed to exercise its jurisdiction to consider setting the appeal bond at an amount less than $250.00. Specifically, defendant contends the trial court erred in ruling defendant should file his motion with the appellate court. However, "[t]he plain language of [N.C. Gen. Stat. . 1-285(a)] places the amount of the surety bond in the sole discretion of the trial court with but one caveat - the surety amount cannot exceed $250." Markham v. Nationwide Mut. Fire Ins. Co., 125 N.C. App. 443, 456, 481 S.E.2d 349, 358 (1997). Although it appears the trial court erroneously concluded it could not consider defendant's request for a lower appeal bond, this Court is precluded from deciding this issue as the issue is moot. "A case is considered moot when `a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy.'" Lange v. Lange, 357 N.C. 645, 647, 588 S.E.2d 877, 879 (2003).
Finally, defendant contends the magistrate erroneously denied his motion for a continuance as defendant's vacation plans conflicted with the court date.
Motions to continue are addressed to the sound discretion of the trial judge, who must determine "whether the grant or denial of a continuance will be in furtherance of substantial justice." Shankle v. Shankle, 289 N.C. 473, 483, 223 S.E.2d 380, 386 (1976). . . . The trial court's decisionwhether to grant or deny a motion to continue may be reversed only for a manifest abuse of discretion. An abuse of discretion occurs where the ruling of the trial court could not have been the result of a reasoned decision.
May v. City of Durham, 136 N.C. App. 578, 581-82, 525 S.E.2d 223, 227 (2000) (citations omitted). As defendant has not shown the magistrate's decision constituted an abuse of discretion, we overrule this assignment of error.
Affirmed.
Judges TIMMONS-GOODSON and McCULLOUGH concur.
Report per Rule 30(e).