THOMAS B. McNAIR v. EDWARD LEE BOYETTE
AND OSCAR LEE HALL

No. 7210SC298

(Filed 28 June 1972)

**1. Rules of Civil Procedure § 56— summary judgment — negligence case**

While summary judgment will not be as feasible in negligence cases, where the standard of the prudent man must be applied, as it would be in other cases, it is proper in negligence cases where it appears that there can be no recovery even if the facts as claimed by plaintiff are true.

**2. Negligence § 28— facts established — question of law**

When the facts are admitted or established, negligence is a question of law.

**3. Negligence § 26— negligence and proximate cause**

In order to support a recovery against a defendant based on negligence, it must be shown that defendant was negligent and that his negligence was a proximate cause of plaintiff's injury.

**4. Negligence § 8— proximate cause**

Proximate cause is a cause which in natural sequence, unbroken by any new and independent cause, produced the injury, and without which the injury would have not occurred, and one from which a person of ordinary prudence could have reasonably foreseen that such a result, or some similar injurious result, was probable under the existing facts.

**5. Negligence § 10— intervening negligence**

If there is more than one proximate cause, that which is new and entirely independent breaks the sequence of events and insulates the original or primary negligence.

**6. Negligence § 10— intervening negligence — test**

The test by which negligent conduct of one is insulated as a matter of law by the independent negligent act of another is reasonable unforeseeability on the part of the original actor of the subsequent intervening act and resultant injury.

**7. Automobiles § 87; Negligence § 36— automobile collision — injury while directing traffic — proximate cause**

Automobile driver's negligence in causing a collision with another automobile was not a proximate cause of injuries suffered by plaintiff when he was struck by a third vehicle while directing traffic at the scene of the collision.

Judge BRITT dissents.

APPEAL by plaintiff from *Braswell, Judge,* at the Second November 1971 Civil Session of WAKE Superior Court.

Plaintiff instituted this civil action to recover damages alleged to have been caused by the negligence of defendants. Defendants Hall and Boyette answered the complaint and each cross claimed against the other.

Defendant Boyette moved the court for summary judgment. The motion was heard on the pleadings, affidavits, depositions and oral arguments. The trial court, upon consideration of the evidence presented, ruled that there was no genuine issue of fact to be determined and entered summary judgment against the plaintiff in favor of defendant Boyette.

The evidence presented at the hearing may be summarized as follows:

On the night of 24 December 1969, plaintiff was driving east on the Raleigh Beltline between Highway 70 and Six Forks Road. He noticed an automobile approaching from the rear at a high rate of speed. The automobile, driven by defendant Boyette, passed plaintiff and continued down the road at a high rate of speed. As Boyette attempted to pass another car, he was involved in a collision with that car. This occurred while the Boyette car was still in sight of plaintiff. Plaintiff arrived at the scene approximately 30 seconds after the collision. The two cars involved in the collision were blocking one eastbound lane and partially blocking the other eastbound lane. Plaintiff pulled his automobile off the road to the median on the left and used a two-way ham radio in his car to call for the police. He told the other radio operator to hold on while he ascertained if there were any injuries. He then went to the automobiles involved in the collision to determine if an ambulance would be necessary and thereupon found there were no injuries and no ambulance was needed. He returned to his automobile and so reported to the other radio operator. Plaintiff then noticed that traffic was approaching the scene of the accident. He stopped several cars by waving his arms and observed several cars pull on the median and pass the wreck with difficulty. He then crossed the highway to get a flashlight from one of the cars that had stopped on the right shoulder. After getting the flashlight, the plaintiff testified:

" . . . I was just starting back to keep easing traffic around the cars so there wouldn't be an accident and I turned just in time to see him. I did look to the left before I

McNair v. Boyette

stepped out onto the highway. As to why I didn't see Mr. Hall's car, he was on me. He was there, come right up out of nowhere. It was just a short time before he struck me that I turned and saw him. Before I turned and saw him I was looking back straight across the highway. As to what protective action I took for my own safety before I stepped out into the highway, I was looking for a flashlight. That is what I was doing over there on that side; I went to get the flashlight. As to what protective action I took after I got the flashlight before I stepped out into the highway, for my own protection and for my own safety before I stepped out into the highway, I had the flashlight on; I thought that was enough. I saw Mr. Hall whenever— just as he hit me. When I stepped on the highway after getting the flashlight, I was facing the median. . . . "

Plaintiff was knocked some 35 feet in the air by the Hall automobile and sustained injuries.

From the summary judgment of the trial court, plaintiff appeals.

*Twiggs & McCain by Howard F. Twiggs and Grover C. McCain, Jr.; Yarborough, Blanchard, Tucker & Denson by Charles F. Blanchard and James E. Cline for plaintiff appellant.*

*Maupin, Taylor & Ellis by Armistead J. Maupin for defendant appellee, Edward Lee Boyette.*

CAMPBELL, Judge.

Plaintiff assigns as error the trial court's entry of summary judgment in favor of defendant Boyette.

[1, 2] While it is conceded that summary judgment will not be as feasible in negligence cases, where the standard of the prudent man must be applied, as it would in other cases, summary judgment is proper where it appears that there can be no recovery even if the facts as claimed by plaintiff are true. *Pridgen v. Hughes*, 9 N.C. App. 635, 177 S.E. 2d 425 (1970). When the facts are admitted or established, negligence is a question of law and the court must say whether it does or does not exist and this rule extends to the question of proximate cause. *Hudson v. Transit Co.*, 250 N.C. 435, 108 S.E. 2d 900 (1959).

Was plaintiff barred as a matter of law from recovery against defendant Boyette?

[3-6]  In order for there to be a recovery against a defendant, the defendant must be shown to be negligent and his negligence must be the proximate cause of plaintiff's injury. *Clarke v. Holman*, 274 N.C. 425, 163 S.E. 2d 783 (1968). Proximate cause is a cause which in natural and continuous sequence, unbroken by any new and independent cause, produced the injury and without which the injury would not have occurred, and from which a person of ordinary prudence could have reasonably foreseen that such a result, or some similar injurious result was probable under the facts as they existed. *Adams v. Board of Education*, 248 N.C. 506, 103 S.E. 2d 854 (1958); *Grimes v. Gilbert*, 6 N.C. App. 304, 170 S.E. 2d 65 (1969). If there is more than one proximate cause, that which is new and entirely independent breaks the sequence of events and insulates the original or primary negligence, and the test by which negligent conduct of one is to be insulated as a matter of law by the independent negligent act of another is reasonable unforeseeability on the part of the original actor of the subsequent intervening act and resultant injury. *Butner v. Spease*, 217 N.C. 82, 6 S.E. 2d 808 (1940).

> "The decisions are all to the effect that liability exists for the natural and probable consequences of negligent acts or omissions, proximately flowing therefrom. The intervening negligence of a third person will not excuse the first wrongdoer, if such intervention ought to have been foreseen. In such case, the original negligence still remains active and a contributing cause of the injury. The test is to be found in the probable consequences reasonably to be anticipated, and not in the number or exact character of events subsequently arising. *Lane v. Atlantic Works*, 111 Mass., 136." *Butner v. Spease, supra.*

In *Butner*, Chief Justice Stacy quoted the following from *R. R. v. Kellogg*, 94 U.S. 469:

> " 'We do not say that even the natural and probable consequences of a wrongful act or omission are in all cases to be chargeable to the misfeasance or nonfeasance. They are not when there is a sufficient and independent cause operating between the wrong and the injury. In such a case

the resort of the sufferer must be to the originator of the immediate cause. But when there is no intermediate efficient cause, the original wrong must be considered as reaching to the effect, and proximate to it. The inquiry must, therefore, always be whether there was any intermediate cause disconnected from the primary fault, and self-operating, which produced the injury.' "

Plaintiff alleges that defendant Hall was negligent in that he failed to keep a proper lookout, failed to reduce his speed where a special hazard existed on the highway, failed to stop his vehicle when he saw or should have seen plaintiff with a flashlight warning motorists, failed to stop his automobile within the radius of its headlights and operated his automobile at a speed greater than was reasonable and prudent under the conditions then existing.

[7] Does the negligence of Hall constitute an independent negligent act which was the proximate cause of the injuries to plaintiff? It is our opinion it does.

Hall's alleged negligence was independent of Boyette's alleged negligence; it caused an injury which would not otherwise have occurred and it resulted in injury to plaintiff after the alleged negligence of Boyette had ceased to operate. Boyette could not foresee Hall's negligent act. Plaintiff was not engaged in rescuing Boyette as he had already ascertained that Boyette was not injured and needed no help. Plaintiff was engaged in directing traffic when he was injured by the alleged negligence of Hall.

Plaintiff alleges, in substance, that Hall should have seen the hazardous situation on the highway and taken proper action to avoid striking plaintiff.

" 'Where a second actor has become aware of the existence of a potential danger created by the negligence of an original tort-feasor, and thereafter, by an independent act of negligence, brings about an accident, the first tort-feasor is relieved of liability, because the condition created by him was merely a circumstance of the accident and not its proximate cause. . . . ' " *Powers v. Sternberg,* 213 N.C. 41, 195 S.E. 88 (1938). Likewise, see *Loving v. Whitton,* 241 N.C. 273, 84 S.E. 2d 919 (1954).

The condition created by Boyette was merely a circumstance and not the proximate cause of plaintiff's injury.

In a factually similar case, the Virginia Supreme Court of Appeals ruled in favor of the defendant originally negligent when several people, including plaintiff, got out of their automobiles following a collision with said defendant and were struck down by a second negligent driver. *Wallace v. Jones,* 168 Va. 38, 190 S.E. 82 (1937).

For the above reasons we hold that the trial court was correct in entering summary judgment in favor of defendant Boyette.

Affirmed.

Chief Judge MALLARD concurs.

Judge BRITT dissents.