EDGAR LUTHER BARRETT, JR., ADMINISTRATOR OF THE ESTATE OF EDGAR LUTHER BARRETT III v. R. "BUD" PHILLIPS, ROBERT ALLIGOOD AND JOHNNY LEE SMITH

No. 753SC885

(Filed 21 April 1976)

Schools § 11; Negligence § 8— death of football player — use of ineligible player — proximate cause

> There was no causal connection between the death of a high school football player allegedly caused in a collision with an ineligible player on the opposing team and defendants' negligence in the preparation and filing of the 1970 Master Eligibility List and in allowing the player who was ineligible because of age to participate in the game.

APPEAL by plaintiff from *James, Judge.* Judgment entered 19 May 1975 in Superior Court, PITT County. Heard in the Court of Appeals 18 February 1976.

The plaintiff, Administrator of the estate of Edgar Luther Barrett III, commenced this action on 16 August 1972, in Superior Court of New Hanover County. The complaint alleges that the defendants were jointly and severally liable for the wrongful death of plaintiff's intestate, Edgar Luther Barrett III. The injuries he received on October 9, 1970, allegedly resulted from a collision with the defendant, Johnny Lee Smith, while participating in a football game between J. H. Rose High School of Greenville, North Carolina, and New Hanover High School of Wilmington, North Carolina. The alleged acts and omissions complained of concerned negligent or wilful disregard for the rules, regulations, and requirements of the North Carolina High School Athletic Association and the North Carolina State Department of Public Instruction, in that the J. H. Rose High School football team used a player, Johnny Lee Smith, who was ineligible for competition under the aforesaid rules, regulations, and requirements. These rules stated that players twenty years of age or older were not eligible for competition and that players were not eligible for competition beyond the eighth consecutive semester after entry into the ninth grade.

The present action was removed from New Hanover County to Pitt County Superior Court upon defendants' motion. Thereafter, defendants filed a motion for summary judgment under Rule 56 of the North Carolina Rules of Civil Procedure. A hear-

ing was had upon defendants' motion on 3 March 1975. Judgment was rendered out of term on 19 May 1975. The plaintiff excepted to the judgment and his appeal entries were filed on 21 May 1975.

*Mattox and Reid, P.A., by David E. Reid, Jr., and Gary B. Davis, for plaintiff appellant.*

*Hogue, Hill, Jones, Nash & Lynch, by William L. Hill II, and Speight, Watson and Brewer, by William C. Brewer, Jr., for defendant appellees.*

MARTIN, Judge.

Plaintiff contends the trial judge erred in granting defendants' motion for summary judgment.

"The purpose of summary judgment can be summarized as being a device to bring litigation to an early decision on the merits without the delay and expense of a trial where it can be readily demonstrated that no material facts are in issue . . . The standard for summary judgment is fixed by Rule 56(c). 'The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law' . . . Rule 56 is for the disposition of cases where there is no genuine issue of fact and its purpose is to eliminate formal trials where only questions of law are involved. . . 'The determination of what constitutes a "genuine issue as to any material fact" is often difficult. . . It has been said that a genuine issue is one which can be maintained by substantial evidence. Where the pleadings or proof of either party disclose that no cause of action or defense exists, a summary judgment may be granted. . . . ' " *Kessing v. Mortgage Corp.,* 278 N.C. 523, 180 S.E. 2d 823 (1971).

Procedurally, the question in the instant case is reduced to whether or not the pleadings, together with the answers to Rule 33 Interrogatories, show any genuine issue as to any material fact, and whether any party is entitled to a judgment as a matter of law. Applying this test to the case at bar, it appears that the judgment of the trial court should be affirmed.

A careful review of the record reveals that the parties were in agreement as to the material factual particulars concerning the death of Edgar Luther Barrett III. There was no "genuine issue as to any material fact." The effect of the undisputed facts was a question of law for the court to determine. See *Kessing v. Mortgage Corp., supra.* The question of law decided by the trial court was whether the defendants' violation of the rules, regulations, and requirements of the North Carolina State Department of Public Instruction and the North Carolina High School Athletic Association through the incorrect preparing and filing of the 1970 Master Eligibility List and their allowing Johnny Lee Smith to participate in the football game constituted actionable negligence.

Plaintiff contends that the defendants' negligence in the preparation and filing of the 1970 Master Eligibility List and in allowing Smith to participate in the football game was the proximate cause of Barrett's death. While defendants may have violated the aforesaid rules, regulations, and requirements, we fail to perceive a causal relation between the violation and the injury resulting in the boy's death.

> "[T]he principle prevails in this State that what is negligence is a question of law, and when the facts are admitted or established, the court must say whether it does or does not exist. 'This rule extends and applies not only to the question of negligent breach of duty, but also the feature of proximate cause. . . . ' (Citations omitted)." *Hudson v. Transit Co.,* 250 N.C. 435, 108 S.E. 2d 900 (1959); See *McNair v. Boyette,* 15 N.C. App. 69, 189 S.E. 2d 590 (1972).

For the reasons stated above, we hold that the trial court was correct in entering summary judgment in favor of the defendants.

Affirmed.

Judges BRITT and HEDRICK concur.