CHARLES RAY LONG v. SOUTHERN BELL TELEPHONE AND TELEGRAPH
COMPANY

No. 815SC60

(Filed 7 July 1981)

False Imprisonment § 2.1— negligence in procuring false arrest—insufficient
   evidence—summary judgment

   Summary judgment was properly entered for defendant telephone company in plaintiff's action based on the negligence of defendant which allegedly resulted in his false arrest for making a bomb threat to a university where plaintiff's evidence on motion for summary judgment showed that defendant did not inform law officers that plaintiff made the bomb threat call but merely told the officers that a call was made from plaintiff's telephone to the university at 8:35 a.m. and that this was the call most proximate in time to 8:36 a.m. when a reverter card indicated that the bomb threat was made, and that negligence, if any, was on the part of the university in failing accurately to report the time of the bomb threat or on the part of law officers in failing fully to investigate other calls that were made proximate in time to the bomb threat.

APPEAL by plaintiff from *Stevens, Judge.* Order entered 20 August 1980 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 5 June 1981.

In plaintiff's action based on the negligence of defendant which allegedly resulted in his false arrest in making a bomb threat, defendant moved for summary judgment supported by plaintiff's answers to interrogatories which tended to show the following:

Plaintiff was a student and employee at the University of North Carolina at Wilmington on 28 September 1977. At sometime that morning, plaintiff telephoned the university to notify the proper party he was ill and would not be in to work or to attend classes. The university's switchboard operator connected plaintiff with someone in the receiving department, who, in turn, connected him with the mail room where he was employed.

Prior to this time, the university had received annoying calls and had requested that defendant install special equipment in its Winter Park station to implement line identification procedures on all incoming calls to the university switchboard. The equipment was in place on 28 September 1977. The equipment monitored all incoming calls by causing the switchboard to make and eject a "trouble card" which recorded the time, date, and origin of each incoming call. Switchboard operators were instructed to immediately report receipt of a bomb threat by calling a "reverter number" and then calling defendant's Annoyance Control Center in Charlotte. Calling the reverter number caused a computer card to drop as if an incoming call had been made at that time and date. By cross-referencing the reverter cards and the trouble cards, the telephone number from which the annoying telephone call most likely originated could be established and the subscriber identified.

On 28 September 1977 at 8:37 a.m., an employee of defendant in the Annoyance Control Center in Charlotte received a call from the university switchboard operator in Wilmington who reported a bomb threat call. The switchboard operator reported that following the bomb threat, she had dialed the reverter code number, hung up and immediately called the Annoyance Control Center. Defendant's employee called the Winter Park station, requested the switchman on duty to find the reverter card that was activated by the university switchboard operator, and to obtain the trouble cards which immediately preceded the reverter card.

The switchman established that the reverter call was made at 8:36 a.m.; that the trouble card immediately preceding the reverter card dropped at 8:35 a.m.; and that the card identified a call originating from plaintiff's telephone. Another call from an outdoor coin-operated telephone had come in at 8:34 a.m. Other calls had come in at 8:31. Defendant's agents reported plaintiff's call, the call closest to the time of the reverter card call, to the SBI and the police department. Plaintiff was arrested on 28 September 1977 at his home on a charge of making a bomb threat call to the university. About a week later the charges against the defendant were dropped.

Plaintiff alleges that as a result of the negligence of the defendant he was psychologically abused by the police and later treated for emotional stress as a result of his arrest. He was suspended from employment by the university, forced to drop two courses which he had been taking, and his college degree was delayed a year. A job offer plaintiff had expected did not materialize. He had to move to another city and suffered other damages.

The trial judge allowed defendant's motion for summary judgment. From the granting of defendant's motion, plaintiff appeals.

*George H. Sperry for plaintiff appellant.*

*Algernon L. Butler, Jr. for defendant appellee.*

HILL, Judge.

Appellant concedes in his brief there is no issue of material fact. Appellant argues, nevertheless, that only in the exceptional case is summary judgment granted in actions involving negligence and that summary judgment was inappropriate in this case. We agree that summary judgment is generally not feasible in negligence actions where the standard of the prudent man must be applied, but, nevertheless, find summary judgment to be proper where it appears there can be no recovery even if the facts as claimed by plaintiff are true. *McNair v. Boyette*, 15 N.C. App. 69, 71, 189 S.E. 2d 590 (1972), *citing Pridgen v. Hughes*, 9 N.C. App. 635, 177 S.E. 2d 425 (1970).

After examining the facts in the proper light, we find there can be no recovery by plaintiff. The university switchboard operator advised Southern Bell at 8:37 a.m. that a bomb threat had been received and that a reverter call had been made immediately afterwards at 8:36 a.m. Southern Bell then examined the information available to them and discovered that a call originating from plaintiff's telephone had been made to the university switchboard at 8:35 a.m. Plaintiff does not dispute the accuracy of Southern Bell's information.

Southern Bell did not inform the law officers that plaintiff made the bomb threat call. Defendant company merely told the officers that a call was made from plaintiff's telephone to the university at 8:35 a.m. and that this was the call most proximate in time to 8:36 a.m. when the reverter card indicated that the bomb threat was made. Any negligence, if negligence there be, was on the part of the university in failing to accurately report the time of the bomb threat or on the part of the law enforcement officers in failing to fully investigate other calls that were made proximate in time to the bomb threat. Such negligence cannot be imputed to Southern Bell. *Weavil v. Myers*, 243 N.C. 386, 391, 90 S.E. 2d 733 (1953).

The order allowing summary judgment is

Affirmed.

Judges MARTIN (Robert M.) and CLARK concur.