STEPHANIE RIEPER Plaintiff,
v.
DEXTER PEARCE, Defendant.
No. COA09-131.
Court of Appeals of North Carolina.
Filed: January 19, 2010.
This case not for publication
Kline Law Office, PC, by Ray M. Kline, for plaintiff-appellant.
Yates, McLamb & Weyher, L.L.P., by John T. Honeycutt, for defendant-appellee.
WYNN, Judge.
"In this state, a plaintiff's contributory negligence is a bar to recovery from a defendant who commits an act of ordinary negligence."[1] Here, Plaintiff Stephanie Rieper argues that the trial court improperly dismissed her personal injury action by granting summary judgment in favor of Defendant Dexter Pearce. Because the record contains evidence establishing Rieper's contributory negligence as a matter of law, we affirm.
Rieper's forecast of evidence tended to show that on 18 October 2005, she was traveling in the right northbound lane of U.S. Highway 401 when Pearce, driving a truck and pulling a trailer, merged onto the highway at the intersection of Ransdell Road. Pearce turned left from Ransdell Road, and pulled his truck and trailer into the right northbound lane of U.S. 401, in front of Rieper. After Pearce was fully in the right lane, Rieper swerved into the left lane, lost control of her car, and spun off the highway into the woods. She testified that, based on the paint marks on her vehicle, she believed the rear left corner of her car had made contact with Pearce's truck or trailer. However, she was unable to say what part of Pearce's vehicle she had hit, if any.
On 29 June 2006, Rieper filed a negligence claim against Pearce seeking compensatory damages in excess of $10,000 and attorney's fees. She alleged that Pearce's negligent operation of his vehicle resulted in an automobile accident, causing "serious, painful and perhaps permanent" injury, loss of earnings, and diminished wage earning capacity. Pearce filed an answer, denying the claim of negligence and alleging contributory negligence as a defense. In response, Rieper alleged that Pearce had the last clear chance to avoid the accident.
On 27 February 2008, Pearce filed a motion for summary judgment pursuant to Rule 56 of the N.C. Rules of Civil Procedure, arguing that the pleadings and discovery in the case created no genuine issue of material fact as to Pearce's negligence, Rieper's contributory negligence, or last clear chance. After considering the record, pleadings, and arguments by counsel, the trial court entered an order on 1 May 2008 granting summary judgment in favor of Pearce, and dismissing Rieper's complaint with prejudice.
On appeal, evidence in the record shows, as a matter of law, that Rieper was contributorily negligent. Accordingly, we are compelled by North Carolina law to uphold the trial court's grant of summary judgment on that ground alone.
"Contributory negligence is the breach of duty of a plaintiff to exercise due care for his or her own safety, such that the plaintiff's failure to exercise due care is a proximate cause of his or her injury." Thompson v. Bradley, 142 N.C. App. 636, 640, 544 S.E.2d 258, 261 (citations omitted), disc. review denied, 353 N.C. 532, 550 S.E.2d 506 (2001). If a plaintiff's own negligence contributed to her injuries in any manner, "she is precluded from recovery irrespective of the acts of others." Culler v. Hamlett, 148 N.C. App. 372, 378, 559 S.E.2d 195, 200 (2002) (emphasis added); see also Bosley v. Alexander, 114 N.C. App. 470, 471, 442 S.E.2d 82, 83 (1994) (noting that the U.S. Supreme Court in Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 409, 98 L. Ed. 143, 150 (1953) "described contributory negligence as a `discredited doctrine which automatically destroys all claims of injured persons who have contributed to their injuries in any degree, however slight'"). Contributory negligence is the controlling doctrine in North Carolina. See Bosley, 114 N.C. App. at 471, 442 S.E.2d at 83.
The driver of an automobile traveling on the through highway and approaching an intersecting highway maintains a duty:
(1) to drive at a speed no greater than is reasonable and prudent under the conditions then existing, (2) to keep his motor vehicle under control, (3) to keep a reasonably careful lookout, and (4) to take such action as an ordinarily prudent person would take in avoiding a collision with persons or vehicles upon the highway when, in the exercise of due care, danger of such collision is discovered or should have been discovered.
Jackson v. McCoury, 247 N.C. 502, 509-10, 101 S.E.2d 377, 382-83 (1958)(quoting Blalock v. Hart, 239 N.C. 475, 480, 80 S.E.2d 373, 377 (1954)). Further, the driver must "take such action as a reasonably prudent person would take to avoid collision when the danger of one is discovered or should have been discovered." Dawson v. Jennette, 278 N.C. 438, 447, 180 S.E.2d 121, 127 (1971) (citations omitted). Here, the forecast of evidence established that Rieper failed to keep her vehicle under control and to "take such action as a reasonably prudent person would" when she "pulled too hard" on her steering wheel and spun out of control, ultimately colliding with Pearce's vehicle and running off the road. Id. The evidence indicated that the left lane was clear throughout the course of the events, and that Rieper had plenty of time to safely pull into the left lane without hitting Pearce's vehicle. See Pintacuda v. Zuckeberg, 159 N.C. App. 617, 626, 583 S.E.2d 348, 354 (2003) (Timmons-Goodson, J., dissenting) (writing to uphold summary judgment in favor of defendant where plaintiff's testimony revealed he "had sufficient time to apply his breaks, safely merge into a different lane, and in an independent act, failed to maintain control of his motorcycle"), rev'd, 358 N.C. 211, 593 S.E.2d 776 (2004) (adopting Timmons-Goodson's dissent per curiam).
The record shows that Rieper's own testimony established that she lost control of her car after Pearce had already pulled in front of her, and that her act of "pulling too hard" on the wheel caused her to spin off the road and into the woods. Further, the only contact between the parties' vehicles occurred, if at all,[2] when the rear left corner of Rieper's car hit Pearce's vehicle, presumably as she spun off the road. Because the evidence establishes that Rieper's failure to maintain control of her vehicle was a proximate cause of her accident and resultant injuries, we are compelled by North Carolina law to hold that Rieper was contributorily negligent, as a matter of law.
Nonetheless, Rieper argues that there was a genuine issue of material fact regarding her claim that Pearce had the last clear chance to avoid the accident. We disagree.
To demonstrate that a defendant had the last clear chance to avoid an accident, the plaintiff must establish that:
(1) The plaintiff, by her own negligence put herself into a position of helpless peril;
(2) Defendant discovered, or should have discovered, the position of the plaintiff;
(3) Defendant had the time and ability to avoid the injury;
(4) Defendant negligently failed to do so; and
(5) Plaintiff was injured as a result of the defendant's failure to avoid the injury.
Trantham v. Estate of Sorrells, 121 N.C. App. 611, 613, 468 S.E.2d 401, 402 (citations omitted), disc. review denied, 343 N.C. 311, 471 S.E.2d 82 (1996).
Here, even assuming there was sufficient evidence to show that plaintiff was "in a position of helpless peril," there is no evidence in the record to suggest that Pearce "discovered, or should have discovered" her position or that he could have done anything to prevent her accident. Id. According to both parties' testimony, Pearce was already completely in the right-hand lane and in front of Rieper when she lost control of her car, suggesting that there was nothing he could have done to avoid the accident. See McDevitt v. Stacy, 148 N.C. App. 448, 459, 559 S.E.2d 201, 210 (2002) (holding the doctrine of last clear chance inapplicable where evidence tended to show there was no action defendant could have taken to avoid the collision). Further, Rieper lost control of her car in a matter of seconds, leaving an insufficient interval of time for Pearce to act. See Watson v. White, 309 N.C. 498, 506, 308 S.E.2d 268, 273 (1983) (holding that the time for defendant to act must be an "appreciable interval"). Thus, this argument is without merit.
Affirmed.
Judges CALABRIA and ELMORE concur.
Report per Rule 30(e).
NOTES
[1] Sorrells v. M.Y.B. Hospitality Ventures of Asheville, 332 N.C. 645, 648, 423 S.E.2d 72, 73-74 (1992) (citation omitted).
[2] Rieper testified that she was unable to recall whether her car ever made contact with Pearce's vehicle.